## WARNER & a. v. BADGER.

A deed of land unaccompanied by any evidence of title in the grantor, or of possession under it, has no tendency to show title in the grantee.

TRESPASS, for breaking and entering Pitchwood island in Lake Winnipiseogee.   The plaintiffs claimed title to the island under the will of their late father, Augustus Doe, who died August 1, 1887, and that he acquired title to it by adverse possession before his death.   The defendant justified under a license from Moses B. Gordon, who claimed title under an unrecorded deed from Francis A. Bowman to William Gordon, dated September 10, 1818.

There was no evidence that Bowman was ever in possession of the island, or ever had any title, except so far as his deed to Gordon is evidence.   William Gordon died in 1818, intestate, leaving ten children, of whom James was one.   James Gordon died in 1868, intestate, leaving two children, of whom Moses B. was one. The evidence further tended to show, that James Gordon gave to his son, Moses B., the Bowman deed with other deeds in 1867, saying they might be valuable for reference; that he had the possession of it afterwards during the life of his father, and since, to the present time; but Moses never occupied the island, nor did any-

thing upon it except to give the defendant permission to put up a house there in 1881. The only question tried was that of title.

The jury were instructed that there was no evidence from which it was competent to find that William Gordon took anything under the Bowman deed, and that Moses B. Gordon's license to the defendant was no protection to him as against the plaintiffs if they should find for the plaintiffs as to title by adverse possession in Doe, or that the plaintiffs were in possession of the island at the time of the trespass complained of. The defendant excepted. Verdict for the plaintiffs.

*E. A. & C. B. Hibbard,* for the plaintiffs.

*Jewett & Plummer,* for the defendant.

BINGHAM, J. The jury were instructed that there was no evidence from which it was competent for them to find that William Gordon took anything under the Bowman deed, and that Moses B. Gordon's license to the defendant was no protection to him as against the plaintiffs, if they should find that Doe acquired title before 1855 by adverse possession, or if the plaintiffs were in possession at the time of the alleged trespass.

There was no evidence that Bowman was the owner, or was ever in possession of the island before he gave the deed to William Gordon in 1810; neither was there evidence that William Gordon ever took possession under the Bowman deed. He died in 1818, leaving ten children, one of whom was James Gordon, who, in 1867, gave the Bowman deed to his son, Moses B. Gordon, saying that it might be valuable for reference. Moses B. now has the deed; but neither James nor Moses entered upon or occupied the island, claiming title under it. In 1881, Moses B. gave the defendant leave to put a house on the island.

Moses B. acquired no title under the Bowman deed, and his license to the defendant to enter upon the island in 1881 gave him no right to do so as against the plaintiffs, if they had acquired through their father a title by adverse possession, or were in possession at the date of his entry.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.